# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GLENN A. SOUTHERN,
                    Appellant,

                    v.

DEPARTMENT OF THE NAVY,
                    Agency.

DOCKET NUMBER
DC-0752-13-5270-B-1

DATE: November 1, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Glenn A. Southern, Reston, Virginia, pro se.

Jeffrey A. Epstein, Esquire, and John D. Norquist, Esquire,
    Washington Navy Yard, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1   The appellant has filed a petition for review of the remand initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant is a GS-0340-15 Program Manager for the agency's Naval Sea Systems Command, Nuclear Propulsion Directorate, Regulatory Affairs Division, stationed in the Washington Navy Yard, Washington, D.C. Initial Appeal File (IAF), Tab 4 at 8. On May 28, 2013, the agency proposed to furlough the appellant for up to 88 hours between July 8 and September 23, 2013. IAF, Tab 1 at 10-12. After considering the appellant's written response, on June 24, 2013, the agency issued a decision upholding the proposed furlough. IAF, Tab 1 at 14-16, Tab 4 at 9-11. The agency ultimately furloughed the appellant for a total of 48 hours. IAF, Tab 4 at 4-6.

¶3 The appellant filed a Board appeal, which the administrative judge consolidated with the furlough appeals filed by 12 other appellants. IAF, Tab 1; *NAVSEA - Trautman I v. Department of the Navy*, MSPB Docket No. DC-0752-15-0260-I-1, Consolidated File (CF), Tab 1 at 2, 11. The administrative judge issued an initial decision, upholding the furloughs based on the written record. CF, Tab 10, Initial Decision. The appellant filed a petition for review, and the Board issued a remand order, finding that the appellant had not been

afforded his requested hearing because of an error in the consolidation. *Glenn A. Southern v. Department of the Navy*, MSPB Docket No. DC-0752-13-5270-I-1, Remand Order (Nov. 24, 2015); Remand File (RF), Tab 1.

¶4     On remand, the administrative judge provided the parties an additional opportunity to develop the written record and conducted the hearing as requested. RF, Tabs 4, 25.  She then issued a remand initial decision, finding that the agency proved that the furlough was for such cause as to promote the efficiency of the service and that the appellant did not prove his affirmative defenses of due process violation or harmful procedural error.  RF, Tab 26, Remand Initial Decision (RID).

¶5     The appellant has filed a petition for review, Remand Petition for Review (RPFR) File, Tab 1, the agency has filed a response, RPFR File, Tab 3, and the appellant has filed a reply, RPFR File, Tab 4.

## ANALYSIS

The agency established that the furlough was for cause.

¶6     In any adverse action appeal, the agency bears the burden of proving by preponderant evidence that the action was taken for such cause as will promote the efficiency of the service. *Hilderbrand v. Department of Justice*, 22 M.S.P.R. 233, 236 (1984).  In furlough appeals, the concept of "cause" encompasses whether the appellant met the criteria established by the agency for being subject to, and not excepted from, the furlough.  *Dye v. Department of the Army*, 121 M.S.P.R. 142, ¶ 9 (2014).

¶7     On review, the appellant argues that the agency failed to meet its burden of proof on the issue of cause because a May 14, 2013 directive from the Secretary of Defense exempted all Naval Reactors staff from the furlough.  RPFR File, Tab 1 at 6; Department of the Navy Administrative Record for Fiscal Year 2013 Furlough Appeals (Administrative Record) at 113, *available at http://www.mspb.gov/ furloughappeals/navy2013.htm*.  The appellant argues that,

at the time of the furlough, there were 29,003 Shipyard Workers and, including him, 173 Naval Reactor employees, for a total of 29,176 employees.[2]  IAF, Tab 1 at 6.  The May 14, 2013 directive excepts 28,000 General Shipyard Workers, and 1,657 Nuclear Shipyard Workers and Naval Reactors Staff from the furlough, for a total of 29,657 exceptions.  IAF, Tab 1 at 6; Administrative Record at 113.  The appellant argues that, because the total of Shipyard Workers and Naval Reactors Staff falls below the total number of allowed exceptions for such employees, all Naval Reactor employees, including the appellant, should have been excepted.  IAF, Tab 1 at 6.

¶8     We find that the directive does not group these employees together and therefore, the calculation of total exceptions as pertains to the appellant cannot gain the benefit of any overage that might exist in the exceptions for General Shipyard Workers.  Administrative Record at 113.  The record shows that the 1,657 exceptions Covering Naval Reactors staff included 106 Naval Reactors Staff and 1,551 employees from various shipyards.  CF, Tab 6 at 8, 11, 54; RF, Tab 12 at 120.  We find that the 106 exceptions were insufficient to cover all 173 Naval Reactors employees, and that the May 14, 2013 directive does not contradict the agency's position that not all Naval Reactor employees were excepted.  CF, Tab 6 at 8-12.

¶9     For the reasons explained in the remand initial decision, we agree with the administrative judge that the agency showed by preponderant evidence that the appellant did not meet the criteria for being excepted from the furlough and that the furlough was taken for cause.  RID at 3-4.

---

[2] It appears to be undisputed that there were 173 civilian Naval Reactor employees at the Washington Navy Yard, including the appellant.  CF, Tab 6 at 8, 14.  However, there is no actual evidence in the record regarding the total number of civilian Shipyard Workers.  At the hearing, the appellant represented to the deciding official, based on a letter that he received during discovery, that there were 29,003 Shipyard Workers.  RF, Tab 25 (testimony of the deciding official).  However, the letter was never entered into the record, and the appellant himself did not testify as to its contents.  Nevertheless, we assume, for purposes of this analysis, that the 29,003 figure is accurate.

The agency established that the furlough promoted the efficiency of the service.

¶10    To show that a furlough promoted the efficiency of the service, the agency must establish that the furlough, in general, was a reasonable management solution to the financial restrictions placed on it and the agency applied its determination as to which employees to furlough in a fair and even manner. *Dye*, 121 M.S.P.R. 142, ¶ 9. An agency establishes that it conducted the furlough in a fair and even manner by showing that it treated similar employees similarly and justifying any deviations with legitimate management reasons. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013). The Board will decide this issue on a case-by-case basis, but will be guided by reduction-in-force principles in doing so. *Id*.

¶11    On review, the appellant argues that the limit of 106 exceptions was driven by political considerations and was not based on budgetary or technical reasons. RPFR File, Tab 1 at 6. The deciding official testified that he personally believed that all Naval Reactor employees, or at least 126 of them, including the appellant, should have been excepted from the furlough. RF, Tab 25 (testimony of the deciding official); CF, Tab 6 at 27-33. However, Naval Reactors was ultimately only allowed 106 exceptions, so the deciding official had to use his judgment to determine which 106 employees were most vital in case of an emergency, and the appellant did not qualify. RF, Tab 25 (testimony of the deciding official). As the Board recognized in *Chandler*, there is no one correct way to structure a furlough, and the furloughing agency must be afforded broad discretion in the matter. 120 M.S.P.R. 163, ¶ 36. A decision on which and how many employees to furlough can seldom, if ever, be reduced to a mathematical formula, and we find that the negotiations and judgment calls that went into the 106 exceptions figure do not detract from the reasonableness of the agency's decision.

¶12    The appellant also argues that, contrary to the agency's argument in the consolidated file, he was an emergency responder. RPFR File, Tab 1 at 5; CF, Tab 6 at 3-4. Based on the testimony of the deciding official, we agree with the

appellant that he would have had some sort of response role in the event of a nuclear emergency within the Naval Sea Systems Command. RF, Tab 25 (testimony of the deciding official). However, we find this fact to be immaterial because the agency consciously decided not to except all emergency responders within Naval Reactors. *Id*. The appellant further argues that the agency posited various criteria for furlough exception, including "emergency response," "nuclear response," "defend life and property," and ambiguously, "Nuclear Reactor." RPFR File, Tab 1 at 8. Nonetheless, we find that these various ways of characterizing the criteria for exceptions all refer to employees who would play a role in responding to a nuclear-related emergency. As explained above, some such employees, including the appellant, were nevertheless furloughed. This was a conscious decision made by the agency and not the result of an accident or the misapprehension about the appellant's job duties. RF, Tab 25 (testimony of the deciding official).

¶13 For the reasons explained by the administrative judge, we find that the furlough was a reasonable management solution to financial restrictions and that the agency applied it in a fair and even manner. RID at 4-6. We therefore agree that the agency established that the furlough promoted the efficiency of the service. That the agency arguably did not structure the furlough in a manner that *best* promotes the efficiency of the service does not detract from this finding. *See Chandler*, 120 M.S.P.R. 163, ¶ 36.

The appellant did not prove his due process claim.

¶14 Minimum due process of law entails prior notice and an opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). Procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and the deciding official considers new and material information; therefore, it is constitutionally impermissible to allow a deciding official to receive additional material information that may

undermine the objectivity required to protect the fairness of the process. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999).

¶15 In this case, the appellant argues that the agency failed to inform him at the predecisional stage of (1) the legal definition of Naval Reactors Staff, and (2) the fact that there were 500 more exemptions in the May 14, 2013 directive than there were positions in Naval Reactors and the shipyards. RPFR File, Tab 1 at 7-8.

¶16 Regarding the first issue, we have reviewed the email string in which the deciding official sought and obtained a definition of "Naval Reactors Staff," but we find that it did not introduce any new information. RF, Tab 12 at 120. Rather, it clarified the information in the May 13, 2014 directive, breaking down the exceptions for "Shipyard Workers, Nuclear and Naval Reactors Staff" and showing that the directive did not countermand the previously established ceiling of 106 furlough exceptions for Naval Reactors Headquarters employees. CF, Tab 6 at 26-33; RF, Tab 12 at 120; Administrative Record at 113. A deciding official does not violate an employee's due process rights by initiating an ex parte communication that only confirms or clarifies information already contained in the record. *Blank v. Department of the Army*, 247 F.3d 1225, 1229 (Fed. Cir. 2001).

¶17 Regarding the second issue, for the reasons explained above, we find that it is immaterial whether the combined exemptions for General Shipyard Workers and Nuclear Shipyard Workers and Naval Reactors staff exceeded the total number of employees holding those positions. *Supra* ¶¶ 7-8. There is no indication that this information figured into the agency's decision, and we find that the agency's failure to supply it to the appellant does not implicate his due process rights.

¶18 Regarding the more fundamental issue of whether the agency violated the appellant's due process rights by limiting the number of Naval Reactors Staff excepted from the furlough to 106 without his knowledge, we have considered the factors set forth in *Stone*, 179 F.3d at 1377, and we find that no due process

violation occurred. Specifically, as the Department of the Navy furlough was structured, all civilian employees were furloughed by default, and the exceptions were just that: exceptions. Administrative File at 108-17. The limit of 106 employees did not introduce any new information about the appellant because the default position that he would be furloughed did not change. We find that the agency's failure to provide it to him did not violate his due process rights.

The appellant did not prove his harmful procedural error affirmative defense.

¶19    To prove that the agency committed harmful procedural error under 5 U.S.C. § 7701(c)(2)(A), the appellant must show both that the agency committed procedural error and that the error was harmful. *Parker v. Defense Logistics Agency*, 1 M.S.P.R. 505, 513 (1980). Harmful error cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991).

¶20    In this case, the appellant argues that the agency violated 5 C.F.R. § 752.404(g)(1), which provides that an agency's decision in an adverse action must be based solely on information provided in a proposal notice and any response thereto. *Southern*, MSPB Docket No. DC-0752-13-5270-I-1, Remand Order, ¶ 11; RF, Tab 1. However, even assuming that the agency violated this regulation by failing to inform the appellant of the 106-emplyee limit, we agree with the administrative judge that the error was not harmful. RID at 9. The appellant has not shown how his knowledge of this information would have caused the agency to except him from the furlough.

The appellant has not shown that the administrative judge made any material errors in reaching her decision.

¶21    On review, the appellant argues that the agency failed to supplement the record appropriately after remand. RPFR File, Tab 1 at 5. However, any failures in this regard were at the agency's own peril since it was the party that bore the

burden of proof in this appeal.  *See* 5 C.F.R. § 1201.56(a)(1)(ii).  As set forth above, the administrative judge found that the agency met its burden of proof, and the appellant has not shown any error in the administrative judge's findings.

¶22    The appellant also argues that the administrative judge failed to attach appropriate weight to an agency document showing individuals whom it intended to except from the furlough and individuals who would be subject to the furlough.  RPFR File, Tab 1 at 8; RF, Tab 24 at 5-8.  However, regardless of the weight that the administrative judge might have attached to this document, it is difficult for us to see how it might have helped the appellant's case.  Even on this document, the appellant's name appears among those employees subject to the furlough and does not appear among the employees whom the agency intended to except.  RF, Tab 24 at 5-8.

¶23    Finally, the appellant argues that the administrative judge inappropriately assigned the burden of proof in this appeal to him rather than to the agency.  RPFR File, Tab 1 at 4, 8.  We have reviewed the initial decision, and we disagree.  RID.  We find that the administrative judge properly assigned the burden to the agency to prove its case in chief and the burden to the appellant to prove his affirmative defenses as required by the Board's regulations.  *See* 5 C.F.R. § 1201.56(a).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.